**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUSTINE O. OGUH,<br><br>      Plaintiff,<br><br>v.<br><br>TOWNSHIP OF MAPLEWOOD and STATE OF NEW JERSEY<br><br>      Defendant. | Civ. No. 10-3161 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

AUSTINE O. OGUH
12 Beverly Road
Springfield, New Jersey 07081

 *Plaintiff Pro se*

ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.
by: Eric M. Bernstein, Esq.
   Wendy L. Wiebalk, Esq.
34 Mountain Boulevard, Building A
P.O. Box 4942
Warren, New Jersey 07059

 *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

Plaintiff Austine O. Oguh is the owner of several real estate properties in Essex County, New Jersey. Over the past few years he has been engaged in disputes with Defendant Township of Maplewood and various agencies of Defendant State of New Jersey. Plaintiff claims that he has been the victim of a campaign of harassment and extra-legal intimidation by government officials and their employees. Maplewood claims that Mr. Oguh owes the Township considerable amounts of money and that the instant lawsuit is a frivolous attempt to punish the Township for making efforts to collect. New Jersey has not filed an appearance in this matter and it appears that it has not been properly served.

Maplewood has moved to dismiss Plaintiff's complaint under Rule 37, citing Plaintiff's numerous failures to participate in discovery. In response to Defendant's motion, the Court issued an Order directing the Plaintiff to immediately comply with his discovery obligations and requiring Plaintiff to Show Cause why his complaint should not be dismissed, either under Rule 37 for his failure to participate in discovery, under Rule 11 for his filing of a frivolous motion for a default judgment, or under Rule 12(b) for his failure to state a claim upon which relief may be granted. Plaintiff did not appear on the date directed by the Court and has submitted no papers in connection with the Order to Show Cause. For the reasons set forth below, Plaintiff's complaint is DISMISSED.

## I.    BACKGROUND

Plaintiff is a New Jersey resident who owns rental properties in Essex County. (Complaint ¶ 2). Plaintiff alleges that, beginning in 2005, the Township of Maplewood embarked "with much intrigue" on a "grandiose shakedown scheme" by which it "conspire[d]" to "extort, blackmail," and "humiliate" Plaintiff "for financial gain." Id. at ¶¶ 4, 14.

The nature, purpose, and motivation animating this alleged scheme are not well articulated in the complaint.[1] Instead Plaintiff relates a number of thinly described anecdotes involving alleged misconduct by individuals whom he believes to be affiliated with Maplewood and the State of New Jersey. These stories include allegations that:

- A Robert J. Mittermaier "[r]equest[ed] [a] kick back from Plaintiff" in exchange for some unspecified "protection against his properties." (Complaint ¶ 5). The time, date, circumstances, and amount of the alleged kick back are not specified, nor is Mr. Mittermaier's precise connection to any defendant. In addition, Plaintiff alleges that on a subsequent occasion, a Len Schmieder, Maplewood Building Inspector, "repeated pretty much what Mr. Mittermaier had said…." Id. at ¶ 6. The details of this encounter are not further described.

- On November 1, 2005 and March 10, 2010 Plaintiff was "arrested by order of Stanley Varon for unspecified reasons." Id. at ¶¶ 7, 11. The circumstances surrounding the arrests, the resolution of the actions against Plaintiff, and Mr. Varon's connection to any defendant are not stated.

- On an unspecified date in March 2006, the Maplewood fire department "broke into plaintiff's property" and "destroyed a boiler, water heater and doors in the basement." Id. at ¶ 8.

- At some point in 2007, Plaintiff had a judgment entered against him by the New Jersey Department of Community Affairs. Id. at ¶ 9. The nature and resolution of this judgment are not stated.

- Plaintiff's roof was "pulled down by some miscreants" and Plaintiff's house was "burglarized" by unidentified individuals whom Plaintiff surmises were connected in some way with Maplewood officials. Id. at ¶¶ 10, 12. The basis for this belief is not explained.

- A "lady prosecutor from Maplewood routinely pays nocturnal visits to the property" and negotiates improper "quid pro quo deals with the tenants…." Id. at ¶ 13. The prosecutor's name, connection to the city, and the details of these allegedly improper deals are not stated.

- In a letter dated February 16, 2010, Plaintiff was alerted by "United States Department of Commerce, census bureau" that "officials of Maplewood" entered

---

[1] On August 31, 2011, Plaintiff filed an "Amended Complaint." (Doc. No 29). This document was filed more than 21 days after service of Defendant Maplewood's Answer (Doc. No. 8) and without written consent of Defendant or the leave of the Court. This form of Amendment is improper under Rule 15(a) and will be disregarded.

3

"fictitious information in [Plaintiff's] file." Id. at ¶ 14. The nature and location of this file and the allegedly fictitious entries are not described.

Plaintiff commenced this action on June 21, 2010. (Doc No. 1). In connection with his complaint, Plaintiff filed an application to proceed *in forma pauperis* which was granted on November 29, 2010. (Doc. No 2). On January 20, 2011, Plaintiff requested that the clerk of the court enter a default. (Doc. No. 5); this was denied, as Plaintiff had not filed proof of service. After filing documentation swearing to service (Doc. No. 6), Plaintiff obtained an entry of default on April 1, 2011. Plaintiff then moved for a default judgment against all parties. (Doc. No. 7).

Shortly thereafter, Defendant City of Maplewood learned about this action and filed an answer (Doc. No. 8). Maplewood also filed a motion to vacate the default (Doc. No 13), which was subsequently granted. (Doc. No 23). Defendant State of New Jersey has made no appearance in this action, and on August 23, 2011, Plaintiff filed another motion for a default judgment against it. (Doc. No. 26). That motion was denied. (Doc. No 32).

On the basis of the documents filed with the Court and the correspondence from counsel, it appears that Plaintiff has been less-than-diligent in advancing this litigation in good faith. In particular, the certificate of service filed by Plaintiff shows that he attempted to serve all Defendants by mailing summonses to unusual addresses. (Doc. No. 5). With respect to Defendant New Jersey, the documentation provided by Plaintiff reveals that Mr. Oguh did not properly serve the Attorney General's Office and it is likely that the state has no knowledge of this litigation. With respect to Defendant Maplewood, Mr. Oguh's method of service may well have caused the delays and defaults of which he has sought repeatedly to take advantage.

In addition, counsel for Maplewood complain that Mr. Oguh has failed to make necessary Rule 26 Disclosures, failed to participate meaningfully in discovery, and failed to accept

4

registered mail or answer his telephone. (Doc. Nos. 19, 21). Plaintiff claims that he has spoken on the telephone with counsel "many times" and has mailed his interrogatory answers. (Doc. No. 30). However counsel for Maplewood claim that Plaintiff is a liar and has never spoken to them by phone. (Doc. No. 31). In addition, they note that his responses to interrogatories are cursory and unacceptable. Id.

On August 23, 2011, Defendant Maplewood moved to dismiss Plaintiff's complaint under Rule 37 for failure to participate in discovery. (Doc. No. 24). On September 13, 2011, this Court issued an Order to Show Cause directing Plaintiff to appear on October 3, 2011 and explain why his complaint should not be dismissed, either under Rule 37 for Plaintiff's failure to participate in discovery, under Rule 11 for Plaintiff's filing of a frivolous motion for a default judgment, or under Rule 12(b) for failing to state a claim upon which relief may be granted. Plaintiff did not appear as directed and did not file any papers in connection with the Order.

## II.     DISCUSSION

### A.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When evaluating a complaint under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The court's inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the standard for dismissal under Rule 12(b)(6) in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, the Court in Twombly held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 545. The assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," Id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of evaluation the court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Plaintiff advances five causes of action. The Court will examine each in turn.

**B.      Plaintiff's Claims**

In his complaint, Plaintiff asserts five "claim[s] for relief." Plaintiff charges that:

6

- The actions of the Defendants, Township of Maplewood and State of New Jersey violated the Equal Protection Clause. (Complaint ¶ 16).

- The actions of Defendants were in violation of 42 USC section 1983. Id. at 20.

- The actions of Defendants were in violation of 42 USC section 1982. Id. at 24.

- The actions of Defendants were in violation of 42 USC section 1981. Id. at 28.

- Defendants intentionally conspired among themselves to deprive, either directly or indirectly, plaintiff of his rights to equal protection of the laws, equal privileges and immunities under the laws, and civil rights generally, all in violation of 42 USC section 1985. Id. at 33.

As threshold matter, Plaintiff's claims against the State of New Jersey are fatally defective. First, Plaintiff has not filed proper proof of service upon the state. Under Fed. R. Civ. P. Rule 4(j)(2), a state or local government may be served either by "delivering a copy of the summons and the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for servicing a summons or like process on such a defendant." New Jersey law permits service upon the state "by registered, certified or ordinary mail of a copy of the summons and complaint or by personal delivery of a copy of the summons and complaint to the Attorney General or to the Attorney General's designee named in a writing filed with the Clerk of the Superior Court." N.J. Court Rules 4:4-4(a)(7).

Plaintiff's proof of service shows that he mailed a copy of the complaint to the "New Jersey Department of Consumer Affairs" at a Post Office Box in Trenton. This is not sufficient to effect service on the state. As a consequence, the State of New Jersey appears to be entirely unaware of this lawsuit and has not made an appearance or filed an answer. Plaintiff attempted to exploit this ignorance by filing a motion for a Default Judgment against the State. (Doc. No. 26). That motion was denied. (Doc. No. 32).

Even had Plaintiff properly served New Jersey, his complaint would still be defective as pled. Plaintiff's direct claims against the State are barred by the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); see also Chilcott v. Erie County Domestic Relations, No. 08-1639, 283 Fed.App'x. 8, 10 (3d Cir. June 23, 2008) ("Although Congress can in certain circumstances abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983"). Even had sovereign immunity been waived, New Jersey is not a "person" subject to suit under the provisions of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983"). Plaintiff's claims against New Jersey are DISMISSED.

Plaintiff's claims against Maplewood are also suspect. Plaintiff first asserts that his right to equal protection of law has been violated. In reviewing an equal protection challenge, the court must "first determine the appropriate standard by which [it is] to review the claim." Doe v. Pa. Bd. of Probation and Parole, 513 F.3d 95, 107 (3d Cir. 2008). If challenged action does not "burden a fundamental Constitutional right or target a suspect class" then the action "must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Id. (internal citations omitted). Put another way, rational basis review "requires merely that the [state action] be rationally related to a legitimate government objective." Parker v. Conway, 581 F.3d 198, 202 (3d Cir. 2009).

While Plaintiff claims that he is a "member of the protected group" (Complaint ¶ 2) this threadbare assertion does not establish his membership in a particular suspect class. As such, he must demonstrate "(1) the defendant treated him differently from others similarly situated, (2)

the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff has pled no facts in his complaint suggesting that he was treated differently than others similarly situated. Nor do his circumspect and anecdotal complaints about burglaries, kickbacks and executed judgments allege sufficient detail to "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949. Plaintiff's first count is DISMISSED.

Plaintiff's second claim arises under 42 U.S.C. § 1983. [2] Section 1983 "provides a federal cause of action for the violation of a federal right." Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). A plaintiff bringing a § 1983 claim must demonstrate "two essential elements: (1) the conduct complained of must be 'committed by a person acting under color of state law'; and (2) this conduct must 'deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Burton v. Kindle, No. 10-2915, 2010 WL 4487121, *1 (3d Cir. 2010) quoting Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Plaintiff does not state which constitutional or statutory right he believes that the City of Maplewood violated. Nor has he pled that such deprivation was carried out under color of state law. While Plaintiff makes various allegations about arrests and property damage, he pleads no facts supporting the inference that any of these acts—if they ever happened—were carried out at the behest of Maplewood. Nor should the Court, nor Defendants should be required to guess about the character of Plaintiff's allegations or the connections between the alleged conduct and Plaintiff's legal claims. Plaintiff's second count is DISMISSED.

---

[2] As a practical matter, equal protection challenges are also brought under § 1983. Since the counts are pled separately in Plaintiff's complaint, the Court will assume that Mr. Oguh's § 1983 claims seek to vindicate some constitutional or statutory right other than his already dismissed equal protection claims.

Plaintiff's third claim is pled under 42 U.S.C. § 1982. Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." While Plaintiff has alleged injury to his property, he has pled no facts from which a conclusion of state involvement or racial discrimination can be drawn. Plaintiff's third count is DISMISSED.

Plaintiff's fourth claim arises under 42 U.S.C. § 1981. "To establish a right to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) "an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in" § 1981, including the right to make and enforce contracts." Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 569 (2002). Plaintiff has not pled that he belongs to a racial minority. While he has proffered various anecdotes concerning his rental properties, he has not alleged any specific contracts whose execution has been harmed. Nor has he adequately pled facts from which state involvement in any interference may be concluded. Plaintiff's fourth count is DISMISSED.

Plaintiff's fifth claim alleges a conspiracy to violate his civil rights under 42 U.S.C. § 1985. To bring an action under § 1985(3)[3] a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or

---

[3] Plaintiff does not specify the subsection of § 1985 that he seeks to advance, but as he is neither holds "any office, trust, or place of confidence under the United States" (§ 1985(1)) nor is a "witness in any court of the United States" (§ 1985(2)), his rights, if any, must be vindicated under § 1985(3).

10

deprived of any right or privilege of a citizen of the United States." <u>Farber v. City of Paterson</u>, 440 F.3d 131, 134 (3d Cir. 2006).

Plaintiff fails to sufficiently allege the existence of a conspiracy. The only suggestion of conspiratorial conduct is the unsubstantiated conclusion that "[d]efendants intentionally conspired among themselves…." (Complaint ¶ 32). No meetings, agreements, plans, or common objectives and actions are described. No discussion between Maplewood and the State of New Jersey is alleged. Without more specific articulation of the alleged conspiracy and its members, this claim cannot stand and there is no need to examine the remaining elements. Plaintiff's fifth count is DISMISSED.

**C.      Plaintiff's Conduct**

While Plaintiff's complaint fails on its own merits, there is additional cause to dismiss this action on procedural grounds. As the letters and submissions from Defense counsel relate, Plaintiff has failed to properly advance this action by participating meaningfully in discovery. (Doc. Nos. 21, 23, 31). In addition, Plaintiff did not file papers or appear in Court in connection with this Court's Order to Show Cause issued on September 13, 2011.

By all indications, Plaintiff has abandoned this action. As a consequence, any motion by Plaintiff to reopen these proceedings must include: (1) a proposed amended complaint that adequately satisfies the requirements of Rule 8 under <u>Twombly</u>; and (2) an explanation for Plaintiff's failure to comply with Court Orders.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED. Plaintiff may move to file an amended complaint within thirty (30) days. Such a motion must include a proposed amended complaint and an explanation for Plaintiff's failure to participate in discovery and respond to this Court's Order to Show Cause.

Dated: October 7th, 2011

                                             s/ Dickinson R. Debevoise
                                             DICKINSON R. DEBEVOISE, U.S.S.D.J.