**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUSTINE O. OGUH,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TOWNSHIP OF MAPLEWOOD and<br>STATE OF NEW JERSEY<br><br>　　　　　　　Defendant. | Civ. No. 10-3161 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

AUSTINE O. OGUH
12 Beverly Road
Springfield, New Jersey 07081

　　*Plaintiff Pro se*

ERIC M. BERNSTEIN & ASSOCIATES, L.L.C.
by:　Eric M. Bernstein, Esq.
　　　Wendy L. Wiebalk, Esq.
34 Mountain Boulevard, Building A
P.O. Box 4942
Warren, New Jersey 07059

　　*Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

Plaintiff Austine O. Oguh is the owner[1] of several real estate properties in Essex County, New Jersey. Over the past few years he has been engaged in disputes with Defendant Township of Maplewood and various agencies of Defendant State of New Jersey. Plaintiff claims that he has been the victim of a campaign of harassment and extra-legal intimidation by government officials and their employees. Maplewood claims that Mr. Oguh owes the Township considerable amounts of money and that the instant lawsuit is a frivolous attempt to punish the Township for making efforts to collect. New Jersey has not filed an appearance in this matter and it appears that it has not been properly served.

On September 13, 2011, the Court issued an Order to Show Cause, directing Plaintiff to appear and answer for his frivolous motion practice, failure to cooperate in discovery, and failure to plead facts in his complaint sufficient to support a cause of action. Plaintiff ignored this Order in its entirety and his complaint was dismissed.

Plaintiff now moves this Court to permit him to file a new complaint. For the reasons set forth below, Plaintiff's motion is DENIED.

## I.     BACKGROUND

Plaintiff is a New Jersey resident who owns rental properties in Essex County. (Amended Complaint ¶¶ 1-2). Plaintiff alleges that, beginning in February of 2005, the Township of Maplewood embarked on a "grandiose shakedown scheme" which eventually "metamorphosed [sic] into outright violent criminal behavior as [Defendants] tried to cover up their actions" Id. at ¶ 4.

---

[1] Plaintiff has taken different positions concerning the legal status of the rental properties with which he is involved, sometimes referring to them as "his properties" (Amended Complaint ¶ 5) and other times disclaiming ownership. (Oguh Cert. ¶ 8). In any event, Mr. Oguh clearly has some financial interest in the properties in question.

2

The motivations for this alleged scheme are not well articulated in the complaint. Instead Plaintiff relates a number of bizarre anecdotes involving alleged misconduct by individuals whom he believes to be affiliated with Maplewood and the State of New Jersey. These stories include allegations that:

- On or about February 15, 2005, a Robert J. Mittermaier "[r]equest[ed] [a] kick back from Plaintiff" in exchange for some unspecified "protection against his properties." (Amended Complaint ¶ 5). Plaintiff alleges that in April 2005, a Len Schmieder, Maplewood Building Inspector, "repeated pretty much what Mr. Mittermaier had said…." Id. at ¶ 6.

- On November 1, 2005 and March 10, 2010 Plaintiff was "arrested by order of Stanley Varon, Maplewood Municipal Court Judge and a real estate attorney for unspecified reasons." Id. at ¶¶ 7, 11. Plaintiff characterizes Maplewood Municipal Court as a "Kangaroo court" where he was denied "due process." The nature of the charges, the resolution of the actions against Plaintiff, and Mr. Varon's connection to any defendant are not stated.

- On an unspecified date in March 2006, the Maplewood fire department "broke into plaintiff's property" and "destroyed the furnace, water heater, [and] 3 doors in the basement." Id. at ¶ 8. Plaintiff claims that when he tried to interfere, a fireman said to him "nigger, if you don't get away this minute, you are dead." Id.

- At some point in 2007, Plaintiff had a judgment entered against him by the New Jersey Department of Community Affairs. Id. at ¶ 9. Plaintiff claims that "[a]ll investigations have shown there were no violations…."Id.

- On December 10, 2008, Plaintiff's roof was "pulled down" by a group of individuals whose connection to the city is not described. Id. at ¶ 10. Further, Plaintiff's house was "burglarized" by unidentified individuals whom Plaintiff guesses were Maplewood police officers Id. at ¶ 12. The basis for this belief is not explained. Plaintiff claims that the burglers "took among other things, incriminating materials relating to this matter…." Id.

- Annette DePalma, a Maplewood prosecutior "routinely pays nocturnal visits to these properties" and negotiates improper "quid pro quo deals with the tenants…." Id. at ¶ 13. The details of these allegedly improper deals are not stated.

- On December 17, 2010, there "was an abduction attempt on the person of plaintiff" by Maplewood police officers "Raymond Rosania" and "Rella." Id. at ¶ 14. From other portions of the complaint, it appears that this "abduction

3

attempt" was an arrest, pursuant to which Plaintiff was incarcerated from December 17, 2010 to January 5, 2011. Id. at ¶ 15.

Plaintiff commenced this action on June 21, 2010. (Doc No. 1). In connection with his complaint, Plaintiff filed an application to proceed *in forma pauperis* which was granted on November 29, 2010. (Doc. No 2).[2] On January 20, 2011, Plaintiff requested that the clerk of the court enter a default. (Doc. No. 5); this was denied, as Plaintiff had not filed proof of service. After filing documentation swearing to service (Doc. No. 6), Plaintiff obtained an entry of default on April 1, 2011. Plaintiff then moved for a default judgment against all parties. (Doc. No. 7).

Shortly thereafter, Defendant City of Maplewood learned about this action and filed an answer. (Doc. No. 8). Maplewood also filed a motion to vacate the default (Doc. No 13), which was subsequently granted. (Doc. No 23). Defendant State of New Jersey has made no appearance in this action, and on August 23, 2011, Plaintiff filed another motion for a default judgment against it. (Doc. No. 26). That motion was denied. (Doc. No 32).

Counsel for Maplewood subsequently petitioned the Court concerning Mr. Oguh's failure to make necessary Rule 26 Disclosures, to participate meaningfully in discovery, and to accept registered mail or answer his telephone. (Doc. Nos. 19, 21). Plaintiff disputed these allegations and claimed that he had been in regular communication with the Defendant. (Doc. No. 30) Maplewood categorically rejected Plaintiff's account and accused Plaintiff of outright dishonesty in his representations to the Court. (Doc. No. 31).

---

[2] Defendant Township of Maplewood has also challenged Plaintiff's right to proceed *in forma pauperis*. (Doc. No. 41). Defendant claims that Plaintiff has attempted to shelter substantial real estate assets from his creditors by transferring them to shell corporations and has no right to proceed in this fashion. Since the Court will not permit this case to continue, it declines to conduct a more thorough inquiry into the veracity of Mr. Oguh's IFP application.

4

On August 23, 2011, Defendant Maplewood moved to dismiss Plaintiff's complaint under Rule 37 for failure to participate in discovery. (Doc. No. 24). On September 13, 2011, this Court issued an Order to Show Cause directing Plaintiff to appear on October 3, 2011 and explain why his complaint should not be dismissed, either under Rule 37 for Plaintiff's failure to participate in discovery, under Rule 11 for Plaintiff's filing of a frivolous motion for a default judgment, or under Rule 12(b) for failing to state a claim upon which relief may be granted. (Doc. No. 32). Plaintiff did not appear as directed and did not file any papers in connection with the Order. Consequently, his complaint was dismissed. (Doc. No. 38). Plaintiff now seeks leave to file an Amended Complaint.

## II.     DISCUSSION

### A.     Standard of Review

As a threshold matter, Plaintiff has not offered an adequate explanation for his failure to contest the prior motion or appear when directed by the Court. He claims that he "was told by secretary that my appearance was not required which I misunderstood to mean that my appearance was not required going forward including future motions." (Oguh. Decl. ¶ 6). Plaintiff has been accused of prevarication on matters like this in the past (Doc. No. 31), but even if his account is correct, it does not excuse his conduct.

First, the September 13, 2011 order was crystal clear in its instruction that Mr. Oguh appear—personally—to answer for his actions. (Doc. No. 32). Second, Mr. Oguh, as a litigant, has an obligation to comply with orders issued by the Court, no matter what he may or may not have been told by staff. <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988) ("all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of

5

their actions."). Third, even if Mr. Oguh believed that he did not need to appear personally to defend his conduct, he was still obliged to file papers. As Mr. Oguh has offered no convincing explanation for his misconduct, the Court is not obligated to entertain his motion.

But even if Mr. Oguh had provided sufficient explanation, his motion would still fail. Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). Leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). With regard to whether a motion to amend a complaint should be denied on futility grounds, a court must consider whether "the complaint, as amended, would…survive a motion to dismiss for failure to state a claim." Keller v. Schering-Plough, Corp., No. 04-669, 2007 U.S. Dist. LEXIS 75318, at *7 (D.N.J. Oct. 9. 2007) (citing In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)).

The Supreme Court recently clarified the standard for a motion to dismiss for failure to state a claim in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, the Court in Twombly held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 545. The assertions in the complaint must be enough to "state a claim to relief

6

that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

For the reasons described below, Mr. Oguh's proposed complaint does not adequately state a claim upon which relief may be granted. As such, any amendment would be futile and improper.

**B.     Plaintiff's Claims**

While the amended complaint contains more lurid charges than the original complaint, it still suffers from the same procedural defects. As noted in this Court's October 7, 2011 Opinion, Plaintiff's direct claims against the State of New Jersey are barred by the Eleventh Amendment.[3]

---

[3]     Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the

7

Moreover, Plaintiff has once again failed to properly effectuate service on the state. Plaintiff has repeatedly failed to allege a cause of action against New Jersey or to properly bring that party before this Court. No purpose is served by giving him an additional opportunity.

In addition to his allegation against the state, Plaintiff asserts five claims for relief against Maplewood. Plaintiff charges that:

- The actions of the Defendants, Township of Maplewood and State of New Jersey violated the Equal Protection Clause. (Amended Complaint ¶ 19).
- The actions of Defendants were in violation of 42 USC section 1983. Id. at 23.
- The actions of Defendants were in violation of 42 USC section 1982. Id. at 27.
- The actions of Defendants were in violation of 42 USC section 1981. Id. at 31.
- The actions of Defendants were in violation of 42 USC section 1981. Id. at 35.

While the complaint is structured as a series of unconnected anecdotes, Plaintiff appears to suggest that there is some broad—racially motivated—conspiracy between all manner of housing inspectors, prosecutors, police, firemen, tenants, and judges to extort bribes from Plaintiff, paint him as a slum lord, ruin his livelihood and throw him in jail.

While Plaintiff has taken pains to add names and dates to his allegations in the amended complaint, the pleading still lacks the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Even taking Plaintiff's improbable claims as true, Plaintiff has pled no facts that would

---

defendant is proscribed by the Eleventh Amendment."); see also Chilcott v. Erie County Domestic Relations, No. 08-1639, 283 Fed.App'x. 8, 10 (3d Cir. June 23, 2008) ("Although Congress can in certain circumstances abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983"). Even had sovereign immunity been waived, New Jersey is not a "person" subject to suit under the provisions of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983").

support a "reasonable inference" that the alleged misconduct was carried out at the behest of Defendant Township of Maplewood.

Defendant identifies eleven individuals by name in his complaint for their participation in the alleged conspiracy. Five, John Carson, Carlos Ponce, Chris Carson, and Mike Dubois, have no alleged involvement with the government and were characterized as "ruffians" by Mr. Oguh's prior complaint. (Complaint ¶ 10) (Doc. No. 1).[4] Another two, Stanley Varon and Annette DePalma, are identified as a municipal court judge and prosecutor respectively and are not thereby agents of the Township. (Amended Complaint ¶¶ 7, 11, 13). The remaining persons, Robert Thompson, Robert Mittermair, Len Schmieder, Raymond Rosania, and a police officer identified only as "Rella" are township employees. But none of these individuals are alleged to have the discretionary authority to act on behalf of Maplewood. Nor has Plaintiff identified any specific instructions, policies, or customs set in place by Maplewood that would give rise to their alleged conduct. No facts are alleged which suggest that the Township even knew about the purported actions. Even taken at face value, Plaintiff has pled nothing that would give rise to a claim against the Township of Maplewood, the only Defendant before this Court.

Consequently, none of Plaintiff's claims would survive a motion to dismiss, rendering amendment futile.[5]

---

[4]  Other portions of the amended complaint suggest that these "ruffians" may be Mr. Oguh's tenants.

[5]  There are additional problems with Plaintiff's claims that need not be addressed at length. For example, his § 1983 claims against Maplewood are almost certainly improper under the rule of Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), as he has not identified a policy, custom or official with final policymaking authority that was the source of his alleged constitutional deprivation. In addition, it is not clear that a municipality can be the subject of a § 1985 claim. See e.g., Milburn v. Girard, 429 F. Supp. 865, 868 (E.D. Pa. 1977) (citing Bosely v. City of Euclid, 496 F.2d 193, 195 (6th Cir. 1974); Agnew v. City of Compton, 239 F.2d 226, 233 (9th Cir. 1956), cert. denied, 353 U.S. 959, 1 L. Ed. 2d 910, 77 S. Ct. 868 (1957); Ransom v. City of

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED.

Dated: December 22, 2011

s/ Dickinson R. Debevoise  
DICKINSON R. DEBEVOISE, U.S.S.D.J.

---

Philadelphia, 311 F. Supp. 973, 974 (E.D. Pa. 1970); Veres v. County of Monroe, 364 F. Supp. 1327, 1328-31 (E.D. Mich. 1973)).